IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tony Lee Belton, # 340217, | C/A No.: 3:12-1951-MBS-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Kara Gormley; Chantelle Janelle, and Drew Stewart, all being sued in their individual and official capacity, | |
| Defendants. | |

Tony Lee Belton ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Manning Correctional Institution and brings this action against three employees of a television station in Columbia, South Carolina, alleging violations of 42 U.S.C. § 1983 and libel and slander. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.  Factual and Procedural Background

Plaintiff was involved in an altercation with his cellmate at the Orangeburg County Detention Center in March 2008. [Entry #1 at 3]. Following the fight, the cellmate died and Plaintiff was ultimately charged with involuntary manslaughter; however, he was acquitted on that charge on February 3, 2010. *Id*. at 2. Plaintiff alleges that prior to the acquittal, WIS-TV posted two different news articles about the incident and about

Plaintiff's involvement on its internet website in March and April of 2008, and did not remove the articles when Plaintiff was acquitted. *Id.* at 6. Plaintiff asserts that his reputation has been ruined by defendants and he seeks several million dollars in compensatory and punitive damages, along with certain injunctive relief. *Id*. at 7.

II.   Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The

mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

Plaintiff alleges that this action is authorized by 42 U.S.C. § 1983. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendants deprived him or her of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see also Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). Because the United States Constitution regulates only the government and not private parties, a litigant claiming that his constitutional rights were violated must first establish that the challenged conduct constitutes "state action." *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under

3

the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. *See Lugar*, 457 U.S. at 936; *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). Whether a private individual's action or corporation's action rises to the level of state action necessarily depends on the relationship between the activity and the state. The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974). In *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982), the United States Supreme Court held that a state is responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action.

In the instant action, Plaintiff does not allege any particular "nexus" or unusually close relationship between defendants and law enforcement officials or other state officials or employees that would support any claim of state action in connection with the new reports of which Plaintiff complains. Plaintiff's pleading contains no facts to couch defendants as anything other than what they appear to be: private citizens of the state of South Carolina who work in the television news industry. Although he does allege that defendants violated his federal constitutional rights to due process and equal protection, in absence of additional allegations showing defendants to be state actors, such allegations fail to state a viable claim against any of them under § 1983.

Moreover, Plaintiff's reference to and citation of 28 U.S.C. § 1331 in his Complaint does not provide this court with federal question subject-matter jurisdiction over his allegations. Section 1331 is the general federal question jurisdiction statute, but, in absence of the applicability of some other, specific federal statute, treaty, or constitutional provision to Plaintiff's claims, § 1331 does not provide an independent right of action cognizable under federal question jurisdiction. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 812 (1986). Plaintiff's reference to alleged violations of due process and equal protection under the Fourteenth Amendment by defendants [Entry #1 at 7] does not provide the required private right of action under § 1331 because, as discussed *supra*, defendants are not state actors and therefore did not violate the United States Constitution in connection with their news reporting. *See Roginsky v. Blake*, 131 F. Supp.2d 715, 719 (D. Md. 2000).

Finally, insofar as Plaintiff alleges that defendants committed libel and slander against him in their news reporting, he is asserting a state-based common law tort claim. Section 1983 actions do not encompass such claims. *DeShaney v. Winnebage County Dep't of Social Servs.*, 489 U.S. 189, 200-03 (1989). Causes of action based on state law, such as libel and slander, generally may only be heard in federal court where there is diversity of citizenship among the parties[1] or if there is supplemental jurisdiction based on other viable federal claims. *See Ysais v. Richardson*, 603 F. 3d 1175, 1179 (10th Cir.

---

[1] Plaintiff has not alleged that the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 and it does not appear that Plaintiff's citizenship is diverse from that of defendants.

2010); *Good v. City of Sunbury*, 352 F. App'x 688, 689–90 (3d Cir. 2009). Because no federal question jurisdiction exists for the allegations contained in this complaint, this court cannot consider the libel and slander claims under its supplemental jurisdiction. Because Plaintiff alleges state law causes of action and makes no showing that the court may exercise diversity jurisdiction, the undersigned recommends that this case be summarily dismissed without service on defendants.

III.   Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[signature]*

August 3, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).