IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Tony Lee Belton, # 340217, ) | C/A No. 3:12-1951-MBS-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| Kara Gormley; Chantelle Janelle, ) | |
| and Drew Stewart, all being sued in their ) | |
| individual and official capacity, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Tony Lee Belton ("Plaintiff"), an inmate incarcerated at the Manning Correctional Institution, filed the within action pro se on July 12, 2012, against Kara Gormley, Chantelle Janelle, and Drew Stewart, employees of WIS-TV in Columbia, South Carolina. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act. On August 2, 2012, the Magistrate Judge issued a Report and Recommendation in which she recommended summary dismissal of Plaintiff's claims. ECF No. 8. On August 21, 2012, Plaintiff filed a motion to amend his complaint and objections to the Report and Recommendation. ECF Nos. 10 & 11.

**I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are according to Plaintiff's complaint. Around March and April of 2008, Defendants posted two news articles on the WIS-TV website, reporting that Plaintiff had killed an inmate at the Orangeburg County Detention Center ("OCDC"). ECF No. 1 at 4. On

February 1, 2010, Plaintiff was indicted on a charge of involuntary manslaughter. *Id.* Plaintiff was acquitted of that charge on February 3, 2010. *Id.* The two news articles remain posted on the WIS-TV website. *Id.*

Plaintiff alleges violations of 42 U.S.C. § 1983, as well as state law claims for libel and slander. *Id.* at 3.

## II.  STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

An inmate's complaint is subject to summary dismissal if the court determines that it is frivolous or fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). A claim is frivolous if it is based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). To survive a motion to dismiss for failure to state a claim, a plaintiff must assert "[f]actual allegations [sufficient] to raise a right to relief above the speculative level . . . . " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . . " *Id.* Therefore, a

plaintiff must "allege facts sufficient to state all the elements of [the] claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

### III.  DISCUSSION

**A.  *The Magistrate Judge's Report and Recommendation***

Upon review, the Magistrate Judge recommended summary dismissal of Plaintiff's complaint on the ground that § 1983 does not recognize causes of action against private actors. ECF No. 8 at 3 & 4.  Further, the Magistrate Judge noted that "Plaintiff does not allege any particular nexus or unusually close relationship between Defendants and law enforcement officials or other state officials or employees that would support a claim of state action." *Id.* at 4 (citing *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) ("[O]ur precedents indicate that a State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State . . . .").  Accordingly, the Magistrate Judge concluded that Plaintiff's § 1983 claims should be dismissed.  Finally, the Magistrate Judge recommended that the court abstain from exercising supplemental jurisdiction over Plaintiff's state law claims.

Plaintiff does not object to the Magistrate Judge's findings.  Instead, Plaintiff appears to argue that, if the court considers the allegations in his proposed amended complaint, it should find that Plaintiff has sufficiently alleged state action for the purposes of § 1983.  Because Plaintiff's objections do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations, the court need not conduct a de novo review.  *Orpiano v.*

*Johnson*, 687 F.2d 44, 47-8 (4th Cir. 1982).  Nevertheless, after carefully reviewing the record, the court agrees with the Magistrate Judge's findings.

**B.  *Motion to Amend***

Because service of process has not yet been authorized, Plaintiff is entitled to amend his complaint "once as a matter of course."  *See* FED. R. CIV. P. 15(a)(2).  However, even when a party may amend as a matter of course, leave to amend may be denied if there is bad faith, undue prejudice to the opposing party, or futility of amendment.  *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000).  Plaintiff has not sought to amend his complaint to include state actors; rather, Plaintiff appears to allege that Defendants based their reporting on information provided by OCDC.  In addition, the proposed amended complaint adds WIS-TV as a Defendant.  Plaintiff includes no facts to support an inference that Defendants acted at the direction or encouragement of OCDC.  Defendants' reliance on inaccurate reports provided by OCDC does not by itself transform their conduct into state action for the purposes of § 1983.  Because the allegations in Plaintiff's proposed amended complaint would not cure the defects that the Magistrate Judge identified in the original complaint, amendment would be futile.  Therefore, Plaintiff's motion to amend is denied.

## IV. CONCLUSION

Accordingly, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. Plaintiff's complaint is dismissed without prejudice and his motion to amend is denied.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour<br>
Margaret B. Seymour<br>
Chief United States District Judge

Columbia, South Carolina
November 29, 2012